IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**JOE WALLACE PEEPLES, III,**

    **Petitioner,**

v.            **Civil Action No. 1:14cv5**
                        **(Judge Keeley)**

**TERRY O'BRIEN, Warden,**

    **Respondent.**

## REPORT AND RECOMMENDATION

### I. Background

On January 6, 2014, the *pro se* petitioner filed an Application for Habeas Corpus Pursuant to 28 U.S.C. § 2241. The Clerk of Court issued a deficiency notice, directing petitioner to correct certain deficiencies in his pleadings. On January 29, 2014, petitioner filed his petition on a court-approved form and provided a copy of his Prisoner Trust Account Form ("PTAR"). By Order entered February 3, 2014, petitioner was granted permission to proceed as a pauper but directed to pay the five dollar filing fee. On February 28, 2014, the petitioner tendered the requisite fee. This matter is pending before me for Report and Recommendation, pursuant to LR PL 2.

### I. Petition

Petitioner alleges that he is raising a plea for protection from "assult [sic] by stabbing in his neck, framed through DNA, and intimidation not to return to his native Buffalo, NY." He contends that he is " the focus of a "vast" illegal, and unlawful conspiracy" involving "80% of" the Federal Bureau of Prisons' ("BOP") employees, members of law enforcements, and private

1

prison contractors, that began with threats from "Mngr Pasinitti [sic]" and "Nurse Bennett at USP Allenwood in 2010." He alleges that he was "unfortunately intimidated by . . . the threat of being framed by DNA. So . . . I committed Bank Robberies within one hour of being released, and put half the money in the trash, as I had been instructed to do. . . I foiled a plot which involved two prostitutes being paid to smear blood all over my jeans, [by] call[ing] . . . 911." He asserts that he was arrested a few days later at the Greyhound Bus Station in Denver "after being forced to rob another bank by a named officer (see video of confession to FBI).[1] I was apprehended in the bathroom with the money split up. Half wrapped up in toilt [sic] tissue prepared to be thrown in the trash." Petitioner contends that there is a "hit" on him, and he "better follow bank robbery protocol or face a knife to the neck and or a DNA set-up" involving BOP employees. Further, he contends his BOP release date computation is incorrect and "all of my paper work is wrong on purpose," as part of the conspiracy, and that it is "becoming more and more obvious to a duck what is going on here[.]"

Petitioner seeks injunctive relief, directing that his allegations be "expeditiously" forwarded to the United States Attorney General's office for a complete investigation pursuant to 28 U.S.C. §535; a directive that the BOP cease all threats of bodily harm toward him; and an Order, directing the BOP to be apprised of his allegations, so that it will "direct a high level official to totally review . . . [petitioner's] file to look for suspicious activity." Finally, he requests a transfer to different facility where he will not have to suffer extended lockdown in order to remain safe.

Petitioner's court-approved form petition sheds little more light on his claims, other than to attach a list of individuals who have "personally threatened" him; stating that "these are the

---

[1] It is unclear what video petitioner is referring to; he does not explain.

ones that I'm 100% positive would fail a lie detector test." (Dkt.# 6-3 at 1). He concedes that some of the issues he is raising in his petition were previously raised in a Bivens action filed in Harrisburg, PA. (Dkt.# 6 at 7).

## II. Analaysis

As a preliminary matter, the undersigned notes that federal prisoners may seek relief through 28 U.S.C. § 2241. However, here, the petitioner is not contesting the validity of his arrest or incarceration. Petitioner's action is one challenging the conditions of his confinement, and is therefore not the type of claims which can be brought in a habeas corpus action. See Preiser v. Rodriquez, 411 U.S. 475, 499-500 (federal habeas relief extends to prisoners challenging the fact or duration of imprisonment and § 1983 actions apply to inmates making constitutional challenges to conditions of confinement). See also Lee v. Winston, 717 F.2d 888 (4th Cir. 1983). To pursue the claims raised in his petition, the petitioner must file a lawsuit governed by Bivens v. Six Unknown Agents of the Federal Bureau of Narcotics, 403 U.S. 399 (1971),[1] and pay the $400.00 filing fee.

## III. Recommendation

Based on the foregoing, the undersigned recommends that the petitioner's §2241 petition (Dkt.# 1 and 6) be **DENIED without prejudice** to his right to file a Bivens action.

Further, the undersigned recommends that petitioner's pending Motion for Court to Issue Order Directing Immediate Investigation (Dkt.# 12); Motion Requesting Order for Legal Work (Dkt.# 13); and Motion for Request for Immediate Order to Produce and Hand Over to him all of

---

[1] In Bivens, the Supreme Court created a counterpart to 42 U.S.C. §1983, so that individuals may bring suit against a federal actor for violating a right guaranteed by the Constitution or federal law. Because petitioner is a federal prisoner, he must therefore file a Bivens action as opposed to one under §1983.

his Legal Work (Dkt.# 14) be **DENIED without prejudice and as moot.** Petitioner may re-file these motions if he chooses to file a Bivens action.

Any party may file, **within fourteen (14) days** after being served with a copy of this Recommendation, **or by March 18, 2014**, with the Clerk of the Court, written objections identifying the portions of the Recommendation to which objections are made, and the basis for such objections. A copy of such objections should also be submitted to the United States District Judge. **Failure to timely file objections to the Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); Thomas v. Arn, 474 U.S. 140 (1985).

The Clerk of the Court is directed to mail a copy of this Report and Recommendation/Opinion to the *pro se* petitioner and to any counsel of record.

DATED: March 4, 2014

                                                 /s/ James E. Seibert_____
                                                 JAMES E. SEIBERT
                                                 UNITED STATES MAGISTRATE JUDGE